UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CRIMINAL ACTION NO. 09-147-S-KKC

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                      **MEMORANDUM OPINION & ORDER**

BENJI ANTONIO STOUT                                                                    DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the parties' joint oral motion for the Court's consideration of whether Defendant Benji Antonio Stout's prior conviction for escape in the second degree, a violation of Kentucky law, constitutes a "crime of violence." Stout is charged with a violation of 18 U.S.C. § 931, which prohibits any person from owning or possessing body armor, if they have been convicted of a felony that is a "crime of violence" as defined by 18 U.S.C. § 16. Stout asserts that his prior escape conviction is not a "crime of violence" because it is tantamount to a "walkaway." The United States counters that the escape conviction is a "crime of violence" because Stout escaped from a secure facility by overcoming physical barriers designed to keep him in custody. Having considered the parties arguments and the relevant case law, the Court finds that Stout's prior conviction for escape is a "crime of violence."

I.      FACTUAL BACKGROUND

The factual background of this case is undisputed. In November, 2004, Benji Stout entered a plea of guilty to the charge of Escape, Second Degree in violation of Kentucky Revised Statutes ("K.R.S.") § 520.030, a class D felony, punishable by up to 5 years in jail. The underlying complaint charged that while he was incarcerated at the Lincoln County, Kentucky Detention Center, Stout "scaled the recreation area wall, cutting a hole in the fence at top and escaping custody of the

Jail."[1]  Upon entering the guilty plea, Stout waived his right to a presentence investigation and was sentenced to one year in jail.

In this action, Stout, a convicted felon, is charged with knowingly possessing a firearm in violation of 18 U.S.C. § 922(g)(1).  He is also charged with knowingly possessing body armor, after having previously been convicted of escape in the second degree, a crime of violence, in violation of 18 U.S.C. § 931(a)(2).  *Id.*  The question presented for this Court is whether Stout's prior conviction for escape can constitute a "crime of violence" for purposes of the charge alleging a violation of 18 U.S.C. § 931(a)(2).

## II.     DISCUSSION

For purposes of 18 U.S.C. §931(a)(2), a "crime of violence" is statutorily defined as follows:

(a)   an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b)   any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16(a)-(b).

Before United States Supreme Court's decision in *Chambers v. United States*, 129 S. Ct. 687, 172 L. Ed. 2d 484 (2009), the United States Court of Appeals for the Sixth Circuit took the position that all escape offenses, regardless whether the conviction was for a failure to report, walkaway, or breakout, constituted "crimes of violence."  *See, e.g.*, *Bailey*, 510 F.3d at 566; *United States v. Esteppe*, 483 F.3d 447, 451 (6th Cir. 2007); *United States v. Harris*, 165 F.3d 1062, 1067-68 (6th Cir. 1999).  However, in light of *Chambers*, the Sixth Circuit has recognized that certain kinds of

---

[1]  The United States has no evidence that Stout was the individual who cut the hole in the fence that was used for his escape.  At the evidentiary hearing held by this Court, counsel represented that Stout followed others through the hole at the tope of the fence.  Because the United States has no evidence that Stout cut the hole in question, the Court will assume that he merely used the hole to make his escape.

escapes are not "crimes of violence." *United States v. Ford,* 560 F.3d 420, 423 (6th Cir. 2009).

In considering whether whether "walkaway" escape convictions under Kentucky law were "crimes of violence," the Sixth Circuit noted that second degree escape is a broad offense encompassing, "everything from a felon who breaks out of a maximum-security prison to one who fails to report to a halfway house." *Ford,* 560 F.3d at 422. Utilizing a categorical approach, the Court divided escapes into at least four categories: (1) leaving custody with the use or threat of force; (2) leaving custody in a secured setting; (3) leaving custody in a non-secured setting by "walking away"; or (4) failure to report. *Id.* at 424.

In *Ford,* the Sixth Circuit reasoned that "walkaways" are akin to "failure to report" in that they are meaningfully distinct and distinguishable forms of escape. As the Court explained:

> There is a difference between individuals who overcome physical barriers to freedom and those who walk off the grounds–those in other words who leave a facility without removing a physical restraint, without breaking a lock on a door, without climbing over a prison wall or security fence or without otherwise breaking through any other form of security designed to keep them put.

*Id.*

In this case, Stout argues that his escape conviction was similar to a "walkaway" and should not be considered a "crime of violence," thereby rendering the body armor charge improper. As noted above, the United States disputes the characterization of Stout's escape as a walkaway based on his breach of a physical barrier in making his escape from the Lincoln County Detention Center.

The parties have tendered the underlying charging documents in Stout's state court case. The Complaint charges that Stout ". . . scaled the recreation area wall, cutting a hole in the fence at top and escaping custody of the jail." Through his attorney, Stout admits to scaling the wall and escaping through a hole in the fence, but denies cutting the hole in the fence. Accepting Stout's version of the facts as true, the Court nonetheless finds that Stout's escape constitutes a "crime of

violence." As noted above, in *Ford*, the Sixth Circuit distinguished non-violent escapes, like "walkaways," by contrasting them with violent escapes achieved by overcoming physical barriers or posing a risk of physical harm to others. *Ford*, 560 F.3d at 424. Here, Stout escaped from a secure facility, by scaling a fence. Several courts have recognized that this sort of traditional escape is "apt to lead to serious risks of physical injury," risks that "walkaway" escapes do not present. *See, e.g.*, *United States v. Templeton*, 543 F.3d 378, 382 (7th Cir. 2008) (citing a recent comprehensive study indicating that "8% of escapees commit violence against guards in the process of getting away, and that at least 6% of escapees commit violent crimes such as murder or robbery against civilians while on the lam. By contrast, walkaways produced no deaths or injuries.").

Simply stated, Stout took actions that were purposeful and aggressive in making his escape from the Lincoln County Detention Center. These actions also created a serious risk of the use of physical force against guards and members of the general public. Accordingly, the Court holds that Stout's prior escape conviction was for a "crime of violence."

## III. CONCLUSION

For the reasons set forth above, the Court holds that Stout's prior conviction for escape in the second degree, a violation of Kentucky law, is a "crime of violence."

This 3rd day of June, 2010.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge